Milton Tyler, Appellant, *v.* Jefferson County-Du-Bois Area Vocational Technical School, Appellee.

Argued May 7, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William K. Eckel,* with him *Abood, Rodkey & Eckel,* for appellant.

*David E. Blakley,* with him *Blakley, Ammerman & Jones,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 3, 1975:

Presently before us is the appeal of Milton Tyler (Appellant) from an order of the Court of Common Pleas of Jefferson County in which judgment was entered for Jefferson County-DuBois Area Vocational Technical School, Appellee, upon Appellant's cause in mandamus which sought, *inter alia,* to: 1) reinstate Appellant to his former teaching position; 2) to issue Appellant a proper professional employee's contract; 3) to award damages for loss of earnings; and 4) to grant a hearing on the dismissal.

President Judge SNYDER'S well reasoned opinion sets forth the issues and their resolution and for that reason we affirm on the opinion of the court below which follows:

"Plaintiff, Milton Tyler, brings this action to compel the defendant school to reinstate the plaintiff to his former teaching position with the school. The plaintiff was dismissed on May 28, 1974.

"The general issue raised in this case is whether Tyler was a tenured employee at the time he was dismissed. If he was tenured then he is entitled to be reinstated inasmuch as the school did not follow the procedure prescribed in Section 1127 of the School Code (24 P.S. 11-1127) for the dismissal of a tenured employe.

"The question of whether Tyler was a tenured employee at the time of his dismissal depends basically upon whether he was a 'temporary professional employee' at the time he was hired by the defendant school in September of 1971. If he was a 'temporary professional employee' within the meaning of that term, as defined in Section 1101(3) of the School Code (24 P.S. 11-1101), then he became tenured at the conclusion of two years of teaching service, which in this case would have been May of 1973. On the other hand, if he is not to be con-

sidered a 'temporary professional employee' when hired, then he was not a tenured employee as of the date of his dismissal, and the defendant school had the privilege of dismissing the plaintiff without a hearing.

"The facts in the case are these: The plaintiff was graduated from Indiana University of Pennsylvania in the Spring of 1968 with a Bachelor's Degree in Education. In September of 1968 he was issued a Provisional Teacher's Certificate which authorized him to teach five courses of instruction, viz: Business Education, Business English, Typing, Bookkeeping and Business Mathematics. His first employment was with the Ridgeway High School in the Fall of 1968 where he taught courses that he was certified to teach. Then in 1969-1970 he taught at the defendant School District for three months as a night school instructor, and in the final six weeks of the school year 1970-1971 he taught at the Punxsutawney Area School District as a substitute teacher. Then in September of 1971 he was hired by the defendant to teach a course entitled 'Distributive Education.' Since the plaintiff was not certified to teach 'Distributive Education,' special arrangements had to be made to permit Tyler to teach that particular course. Such special arrangements were made through the Department of Education and Tyler was authorized to teach 'Distributive Education' under the authority of an 'Interim Certificate.' It is the nature and character of an Interim Certificate which becomes the real crux of this case.

"The so-called Interim Certificate was the name given in 1971 (such similar certificates are now called 'Intern Certificates') to the special certificate issued by the Department of Education to permit someone to teach a school subject which they were not otherwise qualified to teach. However, before the Department of Education would issue such an Interim Certificate the teacher had to enroll in a program of further academic study at some approved college or university which would, in due course,

satisfy all of the academic requirements normally required to be certificated to teach that particular subject. Then when the teacher satisfactorily completed this further program of study his teacher's certificate was amended to show that he was certificated to teach that particular course by virtue of having acquired the status of 'Instructional I' rather than his previous status of an Interim Certificate holder. This was, in fact, the procedure which was pursued in the case at hand and in December of 1973 the plaintiff's teacher's certificate was amended to show that he was thereafter authorized to teach Distributive Education as an 'Instructional I.'

"Insofar as we have been able to determine, the question of whether a person who teaches under an Interim Certificate should be deemed a 'temporary professional employee' has never been heretofore ruled upon by any court. However, the question has been submitted on two previous occasions to the Attorney General's Office and the Opinions from that office are not in agreement. On February 12, 1970, the then Deputy Attorney General Warren Morgan gave the opinion that teachers holding Interim Certificates are not and can not be professional or temporary employees, but must be considered to be apprentices. On October 8, 1974, Deputy Attorney General Mark P. Widoff comes to the opposite conclusion. He concludes that holders of Interim Certificates are qualified to be temporary professional employees. We recognize that an opinion by the Attorney General is only an act of the Executive Branch and has no judicial standing. Brotherhood of Railroad Trainman Insurance Department, Inc. vs. Smith, Insurance Commissioner, 74 Dauphin 346 (1961).

"In determining whether or not the Interim Certificate holder is entitled to be considered a temporary professional employee we would, of course, first look to the definition of that term in Section 1101(3) of the School Code. That section provides as follows:

'The term "temporary professional employee" shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employee whose services have been terminated by death, resignation, suspension or removal.'

"As we can readily see, the above definition is directed primarily to defining the word 'temporary' and certainly does not by itself provide the answer to the question in this case. Thus, we must look further to the definition of 'professional employee' as found in Section 1101(1) of the School Code. That section provides as follows:

'The term "professional employee" shall include those who are *certificated* as teachers. . . .' (Emphasis supplied)

"The plaintiff argues strongly that Section 1201 of the School Code is where we should look to find the meaning of the word 'certificated.' Section 1201 provides:

'Only those persons holding one of the following certificates shall be qualified to teach in the public schools of this Commonwealth—(1) Permanent college certificate, (2) provision college certificate, (3) normal school diploma, (4) normal school certificate, (5) special permanent certificate, (6) special temporary certificate, (7) permanent State certificate, (8) certificates which are permanent licenses to teach by virtue of the provisions of section one thousand three hundred eight of the act, approved the eighteenth day of May, one thousand nine hundred eleven (Pamphlet Laws 309), as amended, which is repealed hereby, or (9) *such other kinds of certificates as are issued under the standards prescribed by the State Board of Education.*' (Emphasis supplied)

"Thus we observe that Section 1201 establishes the various *kinds* of teaching certificates which will qualify a person to teach in a public school in Pennsylvania.

However, we do not consider Section 1201 to be determinative of the question of when a teacher is to be tenured.

"We believe Section 1108 of the School Code (24 P.S. 11-1108) sheds the most light of any of the various provisions of the School Code on the issue before us, i.e., when should a teacher teaching under an interim certificate be eligible for tenure? Section 1108 provides as follows:

'(a) It shall be the duty of the District Superintendent to notify each temporary professional employee, at least twice each year during the period of of his or her employment, of the professional quality, professional progress, and rating of his or her services . . .

'(b) A temporary professional employee whose work has been certified by the District Superintendent to the Secretary of the School District, during the last four (4) months of the second year of such service, as being satisfactory, shall therefore be a 'professional employee' within the meaning of this article . . .'

"Thus we must observe that there is a two year period in which the new teacher will be rated before it is determined that he is a 'professional employee' in all respects and therefore eligible for tenure. In the case of Elias v. Board of School Directors, 421 Pa. 260 (1966), it was held that the failure to rate a temporary professional employee was tantamount to a satisfactory rating.

"If the interim certificate holder is to be held to be a temporary professional employee who, if not rated unsatisfactory before the end of two years, then becomes eligible for tenure, the District Superintendent who is charged with the responsibility of rating the teacher will certainly be in a dilemma. How can the District Superintendent meaningfully rate a teacher who has not yet completed the courses of study which are to provide the teacher with the skills and qualifications considered

to be necessary in order to teach the subject on which he is being rated? Also, in some instances, such as in the present case at hand, the teacher will not have completed those additional courses of study within two years from the date he first starts to teach under the interim certificate. Thus, if the interim certificate holder is deemed to be a temporary professional employee at the outset of his employment, the District Superintendent will almost of necessity have to give the teacher an unsatisfactory rating until such time as the teacher completes his additional academic program. Otherwise the teacher would become a 'professional employee' and eligible for tenure before he was fully qualified to teach the particular subject. Therefore, common sense tells us the term 'temporary professional employee' should not be stretched and strained to the point where it will permit a teacher not yet fully certificated in the subject which he is teaching to be eligible for tenure. Since the School Code in its present form leaves much in doubt as to how to handle the case of the interim certificate holder (now the intern certificate holder), we believe this doubt should be resolved by appropriate amending legislation.

"There is one other contention made by the plaintiff to support his position. He argues that since the form of contact which was used for the School District when it hired the defendant was a form of contact used for the employment of temporary professional employees, it must therefore be held that he was a 'temporary professional employee' as a matter of a contractual right. We do not agree. The defendant School District could not, by its choice of a form of contact or its choice of language in a contract, bestow upon the plaintiff a status to which he was not entitled under the School Code. An agreement which violates provisions of a statute or which cannot be performed without violation of such provisions is illegal and void. Dippel v. Brunozzi, 365 Pa. 264, 74 A. 2d 112.

"For the reasons before stated we conclude that the defendant was privileged to summarily dismiss the plaintiff without the notice and hearing prescribed for tenured employees."

Order affirmed.