Commonwealth of Pennsylvania, Department of Education *v.* Great Valley School District, Appellant. Lois Goodrich, Intervening Appellee.

424

Argued December 5, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*James E. McErlane,* with him *William H. Lamb,* and *Lamb, Windle & McErlane,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for appellee, Department of Education.

*Alexander A. DiSanti,* with him *Richard, Brian, DiSanti & Hamilton,* for intervening appellee.

OPINION BY JUDGE KRAMER, February 20, 1976:

This is an appeal by the Great Valley School District from an order of the Secretary of Education dated March 11, 1975, which sustained the appeal of Lois V. Goodrich from the action of the Board of School Directors of Great Valley in refusing to renew Goodrich's teaching contract for the 1973-74 school year. The Secretary also ordered the reinstatement of Goodrich without loss of pay. The only question presented is whether Goodrich is a professional employe under Section 1108 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1108. We hold that she is and affirm the order of the Secretary.

On May 27, 1970, Goodrich entered into a temporary professional employe's contract as a home economics teacher commencing September 1970. In August 1970, the Department of Education issued to Goodrich an "Interim Teaching Certificate" because she lacked six college credits required before an "Instructional I (provisional) Teaching Certificate" could be issued. This latter certificate is ususally issued to a temporary professional employe. By the end of December 1970, Goodrich has completed all of the requirements but her college did not inform the Department of this fact until April 12, 1971. During her course of studies, Goodrich completed and delivered to the college on March 21, 1970 (as was the custom)· an application for the "Instructional I" certificate. This application was submitted in anticipation of a successful completion of the Department's requirements for the "Instructional I" certificate. Upon receiving the approved application by the college, the Department issued the "Instructional I" certificate, dated "April, 1971." The record establishes that if the college had dated and forwarded the application in December 1970 when Good-

rich completed the work, the Department would have approved it as of that date. The record further establishes that, under the Department's certification procedures, if the college had erred and later confirmed that the April 1971 date was in error, the Department would have changed the certificate to reflect certification in December 1970.

Goodrich continued in her capacity as home economics teacher through July 17, 1973, when the Board voted not to renew her contract for the ensuing year. In the meantime, she had received satisfactory performance ratings on February 1, 1971, June 11, 1971, February 18, 1972, and June 9, 1972. The record does not indicate that any performance rating was made in February 1973 and under *Elias v. Board of School Directors,* 421 Pa. 260, 218 A.2d 738 (1966), the absence of such a rating, is tantamount to a satisfactory rating.

On April 30, 1973, while Goodrich was in her sixth semester of teaching at Great Valley, she received her first unsatisfactory rating. This rating was based upon a "classroom observation" of March 22, 1973, which noted uncleanliness in her classroom and on a "professional personnel evaluation" dated April 30, 1973, which referred to the prior observation. She was advised of the charges against her and a public hearing with set, after which, on June 21, 1973, the Board informed her that the charges against her had been dismissed for a lack of a two-thirds majority vote of the Board. On July 17, 1973, the Board sent another letter advising Goodrich that her teaching contract would not be renewed for the 1973-74 school year. This letter specified the unsatisfactory performance rating of April 30, 1973, as the reason for the Board's action.

Goodrich appealed her dismissal to the Secretary of Education and, after hearing, the Secretary sustained the appeal after concluding that Great Valley had not satisfied the dismissal requirements of the Code for professional employes.

In reviewing the Secretary's adjudication this Court is guided by the standards set forth by our Supreme Court in *Pease v. Millcreek Township School District*, 412 Pa. 378, 382, 195 A.2d 104, 106 (1963), where the Court stated:

> "When a board appeals from the action of the Superintendent [Secretary of Education] to the court of common pleas [Commonwealth Court] the board is not entitled to a hearing de novo. In such instance, the court of common pleas [Commonwealth Court] reviews the record before the Superintendent simply to determine whether there was 'a manifest abuse of discretion or an error of law on the part of the super-intendent [Secretary]. . . .' Likewise, on an appeal from the court of common pleas, we simply determine whether the Superintendent [Secretary] manifestly abused his discretion or committed an error of law." (Citations omitted.)

The sole issue presented to this Court is whether on April 30, 1973), Goodrich was a professional employe. If she was, the record clearly establishes that Great Valley did not follow the mandated procedures for the termination of employment it caused by its letter of July 17, 1973.

The requirements for becoming a professional employe are found in Section 1108(b) of the Code, 24 P.S. §11-1108(b), which reads as follows:

> "A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a 'profes-sional employe' within the meaning of this article. The attainment of this status shall be recorded in the records of the board and written notification thereof shall be sent also to the employe. The employe shall then be tendered forthwith a regular contract of employment as provided for professional employes."

The term "temporary professional employe" is defined in Section 1101(3), 24 P.S. §11-1101(3), which reads:

"The term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal."

As we have already noted, under the ruling of our Supreme Court in *Elias, supra,* the absence of such a report is tantamount to a satisfactory rating.

Great Valley relies upon the recent opinion of this Court in *Tyler v. Jefferson County-Dubois Area Vocational Technical School,* 20 Pa. Commonwealth Ct. 132, 341 A.2d 235 (1975) where we held that a teacher who holds an "Interim Certificate" is not yet fully certified and, therefore, is not a "temporary professional employe." Our very careful reading of *Tyler* leads us to the conclusion that it is distinguishable. In *Tyler* the teacher who held an interim certificate sued in mandamus for reinstatement to his former position because the school district had not followed the mandated procedures for termination of employment, but in that case there was no proof that the teacher had completed all of the requirements necessary for the "Instructional I" certificate. In the instant case, the record proves beyond the shadow of a doubt that Goodrich had completed all of her requirements in December 1970, which was more than two years before the first unsatisfactory rating on April 30, 1973. The Secretary reasoned that Goodrich was a professional employe because (1) she had completed all of the necessary work for an "Instructional I" certificate in December 1970; and (2) through no fault of hers the certificate was not actually issued until "April, 1971," and at the very latest she was entitled to a certificate for the semester beginning January 1971. The Secretary also noted that even if one accepts the certification dated "April, 1971"

(which he interpreted to mean effective April 1, 1971) Goodrich had become a professional employe for having received at least four satisfactory performance ratings prior to her first notice of an unsatisfactory rating on April 30, 1973. We agree with the Secretary's reasoning. Following the scope of review set forth in *Pease, supra,* we conclude that the Secretary did not abuse his discretion nor did he commit any error of law. Goodrich was indeed a professional employe at the time of the first unsatisfactory performance rating.

We do not see any inconsistency between our holding in *Tyler, supra,* and our holding in this case. A teacher still does not become a professional employe while teaching under an interim certificate until the teacher has completed all of the requirements necessary for the attainment of that status. A close reading of *Tyler, supra,* makes it apparent that our holding was based upon a concern that an individual who is not fully qualified for teacher certification might attain professional status in contravention of the Code. Having fully qualified for her "Instructional I" certificate, Goodrich's situation creates no such possibility.

Once a citizen has met the mandates of a statute, he or she has a right to that which the law provides. If for reasons beyond the employe's control the college which approves the application to the Secretary delays in forwarding it to the Department, or if the postal service delays receipt of the application, or even if the matter is delayed by bureaucratic red tape within the Department, the teacher certainly should not have his or her rights violated. The important question is whether the teacher is *entitled* to the certificate, and Goodrich surely was. This Court cannot ignore the constant stream of cases in which bureaucratic delays work to the disadvantage of our citizens. The obvious legislative intent found in the School Code is that after a school teacher receives four satisfactory ratings over a two-year period, together with

proof that the teacher is entitled to temporary certification at the beginning of that two-year period, the teacher becomes a professional employe and thereafter a school board is required to follow all of the prescribed procedures if it desires to terminate his or her employment. There is no question in this case, and Great Valley concedes that the mandatory procedures were not followed.

We believe it is also significant to point out that the original attempt to dismiss Goodrich had the trappings of a proceeding involving a professional employe. Formal notice was given on the specific charges. A formal hearing was held. Great Valley determined that it was required to dismiss the charges because the vote of the Board was five to two—less than the two-thirds majority required for the dismissal of a professional employe. *See* Section 1129 of the Code, 24 P.S. §11-1129. If Great Valley had believed that Goodrich was not a professional employe, there would have been no need for such procedures and the matter would have been controlled by the less stringent provisions of the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

In summary we hold that when a teacher completes all of the requirements necessary for certification as a temporary professional employe and has received four satisfactory performance ratings over a two-year period, and the evidence indicates that the Department will backdate teacher certification to the time when he or she has completed all of the necessary requirements, the Secretary has not abused his discretion nor committed an error of law in determining that such a teacher becomes as professional employe at the end of the two-year period.

Accordingly, we

ORDER

AND NOW, this 20th day of February, 1976, the order of the Secretary of Education in the above-captioned matter, dated March 3, 1975, is affirmed.