Sara E. Pointek, Appellant *v.* Elk Lake School District, Appellee.

Argued April 8, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Peter J. O'Brien,* with him *O'Brien and Miller,* for appellant.

*James A. Kelly,* with him *Paul T. Burke,* for appellee.

OPINION BY ·JUDGE KRAMER, July 22, 1976:

This is an appeal by Sara E. Pointek from an order of the Court of Common Pleas of Susquehanna County dismissing an action in mandamus brought by appellant to compel appellee Elk Lake School District to reinstate her as a professional employe; to cease and desist from threats which might interfere with performance of her professional duties; to issue to her and to all other tenured professional employes of appellee School District a written professional employe's contract; to make full payment of all compensation to which she would have been entitled had she not been wrongfully deprived of her position; or, alternatively to reinstate her pending a hearing pursuant to Section 1127 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1127.[1] The sole issue for determination is whether appellant was a professional employe at the

---

[1] That section provides: "Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges. Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice. At such hearing all testimony. offered, including that of complainants and their witnesses, as well as that of the accused professional employe and his or her witnesses, shall be recorded by a competent disinterested public stenographer whose services shall be furnished by the school district at its expense. Any such hearing may be postponed, continued or adjourned."

time of her dismissal and thus entitled to a Section 1127 hearing. We hold that she was and reverse the order of the Court of Common Pleas.

Pointek was hired as a temporary professional employe with Instructional I certification by appellee School District and commenced her duties on February 1, 1971. As of January 31, 1973, Pointek had completed two years of continuous service for which she had received satisfactory ratings. Thereafter she was treated as a tenured professional employe, and although no written contract was issued as mandated by Section 1108 of the Code, 24 P.S. §11-1108, the School District continued under the terms of the original contract. In the fall of 1972, Pointek advised her principal that she was pregnant and would require a leave of absence in the spring of 1973. Arrangements were made for a student teacher to substitute for Pointek during her absence (March 19, 1973 to August 27, 1973). On January 28, 1974, the School District notified Pointek of her dismissal as of January 31, 1974 for failure to meet certification requirements.[2] By the official notice of dismissal, the School District advised Pointek of her right to a Section 1127 hearing and scheduled such a hearing for February 11, 1974, eleven days after her effective termination. Counsel for Pointek requested a continuance of the hearing pending a decision by the Department of Education as to Pointek's certification status. Counsel for the School District replied that the request would be denied in light of his legal advice

---

[2] The School District contends and the lower court apparently believed that Pointek's Instructional I Certificate would have expired on February 1, 1974 by its own limitations because of Pointek's failure to produce proof of her completion of twelve post-baccalaureate credits. (It would have been helpful if a copy of the original certificate had been made a part of the record so that this Court could have seen the exact terms of that certificate.)

that no Section 1127 hearing was required under the circumstances. On February 28, 1974 Pointek received a renewed Instructional I Professional Certificate bearing an issue date of January 1, 1974 and the notation "valid until August 31, 1974." After completing the requisite number of credits, Pointek received a Professional Certificate issued on July 7, 1974 certifying her for an additional period of three years of elementary teaching.

It is undisputed by all parties and was found as a fact by the trial court that Pointek had acquired the status of a tenured professional employe as of February 1, 1973. As such, her employment could not be terminated without full compliance with the prescribed procedures of the Public School Code. *Commonwealth of Pennsylvania, Department of Education v. Great Valley School District*, 23 Pa. Commonwealth Ct. 423, 352 A.2d 252 (1976). Thus, Pointek could be dismissed (a) only for one of the reasons enumerated in Section 1122[3] and (b) only after a Section 1127 formal hearing. As we pointed out in *Great Valley*, the fact that the School Board gave formal notice of the specific charge and made provisions for a formal hearing evidenced its belief that the employe was entitled to such procedures.

---

[3] "24 P.S. §11-1122 Causes for termination of contract

"The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe: Provided, That boards of school directors may terminate the service of any professional employe who has attained to the age of sixty-two except a professional employe who is a member of the old age and survivors insurance system pursuant to the provisions of the act, approved the first day of June, one thousand nine hundred fifty six (Pamphlets Laws 1973)."

Obviously, Elk Lake believed that it had a duty to comply with the School Code before dismissing Pointek since it mailed formal notice and scheduled a hearing. Had the School District conducted the scheduled hearing, it would have been informed that the Department of Education considered Pointek's certificate to be in effect and that the Department did not consider Pointek's dismissal to be legally justified.

Because she was entitled to certification on February 1, 1974, Pointek could not have been dismissed legitimately in any event, even though the certificate then in her possession may have contained an expiration date of January 31, 1974.[4] Mere bureaucratic delays in extension or renewal of the certificate will not negate the right. *Great Valley, supra.*

The School District apparently does not dispute appellant's legal right to a maternity leave. Nor does it deny that the appropriate school officials were informed well in advance about appellant's pregnancy and intention to absent herself from her teaching duties in order to have a baby. Indeed, the principal himself made arrangements for a student teacher to substitute for Pointek during her absence. Nor does the School District deny that the maternity leave of absence would have the effect of postponing the expiration date of the three-year period of teaching to which Pointek was entitled. Instead, the School District contends, and the trial court erroneously concluded as a matter of law, that Pointek had *waived*

---

[4] Once again, because the certificate was not made a part of the record, we have no way of knowing whether or not it incorporated a definite date of expiration. 22 Pa. Code §49.82 pertaining to Instructional I Certificates states that such certificate "shall be valid for a period of three years of teaching," which we interpret to mean three years of active teaching and not three calendar years from date of issue as appellee contends.

her *rights* to the extension by failing to put her request for a maternity leave in writing as allegedly required by School District policy.[5]

We are unable to discover anything in the facts of this case to support the proposition that Pointek waived her rights to a maternity leave or to its effect upon the duration of her certificate. "[A] waiver in law is the act of intentionally relinquishing or abandoning some known right, claim or privilege. To constitute a waiver of a legal right, there must be a clear, unequivocal and decisive act of the party with such right and an evident purpose to surrender it." *Johnson v. Concord Mutual Ins. Co.*, 450 Pa. 614, 620, 300 A.2d 61, 65 (1973). [Citations omitted.]

Additionally, the School District did not question the validity of the maternity leave until Pointek filed the mandamus action. When she returned in the fall of 1973, she resumed normal teaching duties with full approval of school authorities; in fact, the principal himself reassigned Pointek to teach the third grade class. We are forced to conclude that Pointek's original certificate was still in effect as of February 1, 1974, when she was wrongfully dismissed.

The trial court also concluded, and the School District admits, that the maternity leave, by itself, would have extended the expiration date of the certificate well into April of 1974. They then totally discount the effect of the Department of Education's

---

[5] This requirement of a written request was only generally alluded to; nowhere in the record do we find a copy of the text of that "rule." It might also be appropriate to note that Elk Lake School District does not have a tradition of requiring strict compliance with rules and regulations; the Assistant Superintendent of the School District admitted on cross-examination that many of the professional employes of the District have not been tendered the regular contract of employment as *mandated* by law (Section 1108(b) of the School Code).

decision to renew Pointek's original certificate and validate it retroactively to January of 1974. It is absolutely clear that this action was determinative of the issue of appellant's certification status. Since we have already held that the School District had no legal authority to dismiss Pointek as of January 31, 1974 for lack of certification, the Department's issuance of a renewal certificate would have vitiated any decision the School District might have made prospectively to dismiss Pointek in April after such time as her original certificate would have expired. Thus, the most prudent course of action for the School District would have been to wait until the Department had rendered a definitive decision with respect to Pointek's certification.[6] Failing this, the District should have immediately reinstated Mrs. Pointek upon receipt of the memorandum opinion of the Attorney General or accorded her the hearing to which she was entitled if the District had any Section 1122 charges upon which to base a dismissal.

In light of the determination that appellant's original Instructional I Professional Certificate was valid and in force on February 1, 1974 and that such a certificate was extended by the Pennsylvania Department of Education until August 31, 1974 and subsequently renewed in July of 1974, we hold that Sara

---

[6] We realize that prior to Mrs. Pointek's dismissal, the School District had received some misleading communications from the Department. Certainly it would have facilitated matters if the Department had maintained some degree of internal consistency in establishing certification guidelines. However, the School District was promptly made aware of an opinion of the Attorney General that Mrs. Pointek could not be dismissed legally for lack of certification. Since such opinions are binding on the Department of Education, it then issued a statement to the effect that Pointek's certificate had not expired at the time of her dismissal and therefore the dismissal had no legal justification.

E. Pointek was at all times after January 31, 1973 a professional employe of Elk Lake School District and that she was dismissed in violation of Sections 1122 and 1127 of the Public School Code.[7] The order of the Court of Common Pleas dismissing her action in mandamus against the School District seeking reinstatement and reimbursement of compensation for the period during which she was prevented illegally from performing her duties as a professional employe must be reversed.

We therefore

## Order

And Now, this 22nd day of July, 1976, it is ordered:

(1)   that the order of the Court of Common Pleas of Susquehanna County in the above-captioned matter is reversed;

(2)   that Sara E. Pointek be reinstated to her position as a professional employe of Elk Lake School District;

(3)   that full payment be made to Sara E. Pointek for all salary, benefits and emoluments to which she would have been entitled as a professional employe from the date of her dismissal; and

(4)   that she be tendered forthwith a regular contract of employment for professional employes as provided in the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1127.

---

[7] We do not presume to interfere with the School District's discretion as to whether a valid cause exists for termination of a professional employe's contract. If the District should, at some future date, ascertain that a valid cause does exist, then the contract may be terminated *provided* the statutorily prescribed procedure is followed.