Board of School Directors of Riverside Beaver County School District, Beaver County, Pennsylvania, Petitioner *v.* Barton W. Howe, III, Respondent.

Argued June 9, 1978, before Judges Crumlish, Jr., Blatt and DiSalle, sitting as a panel of three.

*Terry C. Cavanaugh,* with him *John Alan Conte,* and *Conte, Courtney & Tarasi,* for petitioners.

*John R. DeAngelis,* with him *Watzman, DeAngelis & Elovitz,* for respondent.

Opinion by Judge DiSalle, August 15, 1978:

The Board of School Directors of Riverside Beaver County School District (Board) filed this petition for review from an order of the Secretary of Education (Secretary) dated February 8, 1977. The order sustained in part an appeal filed by Barton W. Howe, III (Howe), from his dismissal as a teacher in the Beaver County School District for reasons of immorality, incompetence and persistent negligence. The Secretary ruled that Howe had not been afforded a hearing which met with applicable due process standards. He reversed the Board's decision dismissing Howe on grounds of immorality and incompetence,

and remanded to permit the Board to consider only the remaining charge of persistent negligence. The Board thereafter appealed that part of the Secretary's order which proscribed consideration of the charge of immorality.[1]

The facts of this case, as supported by the record, were fully set forth in the opinion of the Secretary:

1. The Appellant is a professional employee. He has been an employee of the Riverside Beaver County School District for eight (8) years, serving as a fourth grade teacher at the district's Locust Grove School. In the past year, Appellant served as Head Teacher at Locust Grove School.

2. Appellant, while employed by the Riverside Beaver County School District, applied on November 8, 1975 for evening part-time work at Gimbel's Department Store. Appellant at that time stated his availability for evening employment, as well as work during the Christmas vacation.

3. On Tuesday, November 11, 1975, Appellant was notified by Gimbel's Department Store that he was accepted for part-time employment at the store, during the holiday season. Appellant was informed later that day that he was required to attend a two day training seminar at Gimbel's in order to prepare for the work at the store.

4. Appellant on November 17, 1975 was present at Gimbel's Department Store from 9:00 a.m. to 2:00 p.m. as a participant in the training seminar. On the following day, No-

---

[1] In this appeal, the Board concedes that the charge of incompetence cannot stand, and that the Secretary's remand because of the dual role of the Board's solicitor was proper.

vember 18, 1975, Appellant was again present at the Gimbel's Department Store from 12:30 p.m. to 4:30 p.m. as a participant in the training seminar.

5. Appellant on Sunday morning, December 7, 1975, drove from his home in Beaver, Pennsylvania to Philadelphia, Pennsylvania to attend funeral services for an uncle. Upon his return on December 8, 1975, Appellant worked at Gimbel's Department Store from 5:00 p.m. to 9:00 p.m. although he missed school that day for purposes of travelling back home from Philadelphia.

6. Upon return to school following the absences of November 17 and November 18, 1975, Appellant handed in an absentee slip to the office listing the reason for his absence as personal illness. The slip submitted for December 8, 1975 stated the reason for absence as death in the family.

7. On January 22, 1976, Appellant discussed the matter of the leave taken on November 17 and 18, 1975 with Mr. Carl Walcott, Elementary Supervisor for the Riverside Beaver County School District.

8. On that same date, January 22, 1976, Mr. Carl Walcott referred the matter to Mr. Kenneth Yonkee, Superintendent of Schools, Riverside Beaver County School District.

9. Later that day, after Mr. Yonkee had checked with Gimbel's Department Store and found that Appellant was present at the store on November 17 and November 18, 1975, he questioned Appellant about his employment.

10. Appellant at that time stated to Mr. Yonkee that he was in fact employed at Gimbel's and that the reasoning behind his absen-

tee slip was that he was emotionally fatigued and needed a change of pace. Appellant stated to Mr. Yonkee that he was not sure whether he had been paid for the seminar at Gimbel's on November 17 and 18, 1975. He further stated to the superintendent that he did not understand the district's emergency day procedure, and that he did not at that time feel he had erred in listing personal illness for his absence, considering his emotional fatigue.

11. Upon the conclusion of this meeting, Appellant was permitted to continue teaching with pay, which he did until March 8, 1976, at which time Appellant was suspended without pay.

12. On February 2, 1976, Appellant received a letter from Mr. J. Kenneth Bollinger, President of the School Board, which charged Appellant with fraudulent representation of reason for absence from teaching duty on November 17 and 18, 1975. The letter charged Appellant with being gainfully employed at Gimbel's Department Store during the same dates that Appellant listed as absence due to personal illness. A hearing was scheduled with the Board for February 18, 1976.

13. On February 10, 1976, Appellant sent a check in the amount of $124.04 to the Riverside Beaver County School District to cover wages paid to Appellant, by the School District, on November 17 and 18, 1975. The School Board subsequently returned the check to Appellant.

14. On February 18, 1976, counsel for Appellant requested a letter from the School District detailing charges in compliance with Section 1122 of the School Code. The Solicitor

for the Board acceded to said request and said it would be mailed in several days. The hearing was then rescheduled for February 27, 1976.

15. Appellant received a letter from the Board's Solicitor. on February 25 stating that the hearing, which was scheduled for February 27, 1976, was cancelled.

16. The School Board, through its President, sent a letter to Appellant on March 3, 1976 enumerating nine charges of immorality, incompetency and persistent negligence. The letter further stated that these charges for dismissal arose out of the absences from teaching duties on November 17 and 18, 1975 and December 8, 1975 and Appellant's gainful employment elsewhere on those dates. The Appellant was suspended from teaching duties as of March 8, 1976 and a hearing was scheduled for March 22, 1976.

17. At the hearings on March 22, 1976 and on March 29, 1976, arguments were heard on the charges and issues that will be discussed in greater detail below.

18. The School Board by letter of April 2, 1976 informed Appellant that he was found guilty of the charges of immorality, incompetency and persistent negligence and was thereby dismissed. [2]

---

2 The Board's finding was based on the following specification of charges:

Persistent negligence, in that you failed to show up for work on November 17 and 18, 1975, where you signed a reason for being absent, so-called absence slip, for personal illness reasons, and it was later discovered that you were so employed by Gimbels and that on November 17 and 18, you worked at that department store and received compensation from both Gimbels and Riverside Beaver County School District.

19. Appellant, by counsel, filed a timely appeal from dismissal with the Pennsylvania Department of Education on April 9, 1976.

20. On April 26, 1976, the Solicitor for the School Board filed a Petition to Strike the Appeal for failure to comply with 24 P.S. §11-1131, concerning notice to the Board of the Appeal.

21. On August 13, 1976, the hearing examiner appointed by the Pennsylvania Department of Education denied the Board's Petition to Strike Appeal.

22. A hearing was held in Harrisburg on September 10, 1976, with both the Appellant and the School District submitting briefs for consideration.

The narrow issue which this Court must decide is whether the Secretary properly ruled that the charge of immorality could not be considered on remand. The Board argues that the Secretary's decision ex-

Immorality, in that you willfully abused your sick and personal leave privileges with full knowledge that you were committing a fraud upon the Riverside Beaver County School District when you signed the absence slips for your own gain.

Immorality, in that you knowingly and falsely applied for personal illness days while under the employment of the Riverside Beaver County School District, and you knowingly and willingly took a payment from the Riverside Beaver County School District while you also took payment from Gimbels Department Store on the days you were employed by Riverside Beaver School District.

Immorality in voluntarily failing to disclose material information; namely, that you denied to the superintendent that you were so employed elsewhere and that you denied that you received payment for that employment on the scheduled days when you were so employed and received compensation by the Riverside Beaver County School District.

ceeds his scope of review. Specifically, it contends that the Secretary's conclusion could have been reached only by re-evaluating Howe's credibility pertaining to the motive behind his actions.[3] The Board argues that the Secretary is without power to assess the credibility of witnesses where he fails to take additional testimony. Howe's counter-argument is that the Board misconstrues the Secretary's decision. He contends that the Secretary did not re-evaluate his credibility or make new Findings of Fact, but rather that the Secretary decided as a matter of law that his conduct did not amount to immorality under Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122, as judicially defined. He argues that such a determination was well within the Secretary's scope of review.

Immorality under Section 1122 has been judicially defined as "a course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and elevate." *Horosko v. Mount Pleasant Township School District*, 335 Pa. 369, 372, 6 A.2d 866, 868, *cert. denied*, 308 U.S. 553 (1939). In deciding that the charge of immorality should not be heard on remand, the Secretary made the following conclusion: "Essentially, the record at most indicates that Appellant [Howe] undeniably lied regarding the specific reason for his absence, but it does not clearly bear out a conscious effort by Appellant to defraud the School District with the intent of receiving dual compensation." The Secretary supported his conclusion with the following reasoning:

---

[3] This question centers on whether Howe deliberately chose not to follow the proper absentee procedure so that he could receive payment from the school district as well as from Gimbels for his in-training days, or whether he simply was unaware that the procedure he used was improper.

The Appellant had stated on several occasions to the Board during the hearings that the reason he put down personal illness as the reason for his absence on November 17 and 18 was that he was suffering from emotional fatigue at that time, a result of the burden of having illness beset his wife, father, mother, and mother-in-law. Appellant states that it was this emotional depression that caused him to write down personal illness on his absence slip. The record will indicate that Appellant has seen a psychiatrist for these emotional problems.

. . . The record indicates that the Appellant was not even aware that he would get paid for his two day training seminar with the store. Appellant was candid in his conversations with superiors concerning the matter.

The findings made by the Secretary are in conflict with those made by the Board. Moreover, it is apparent from a complete reading of the record that these findings are necessarily based upon Howe's credibility. It was not for the Secretary to re-evaluate Howe's credibility without first taking additional evidence. In view of this, the Secretary's findings were invalid and, consequently, his conclusion of law based on these findings was improper. The problem with Howe's contention that the Secretary concluded solely as a matter of law that his conduct did not amount to immorality, is that at no point in his opinion does the Secretary say this.

We are of the view that the Secretary acted beyond his appropriate scope of review in ruling that, on remand, the Board could not consider the charge of immorality. Such an abuse of discretion is reversible. *See Department of Education v. Great Valley School District*, 23 Pa. Commonwealth Ct. 423, 427, 352 A.2d 252, 254 (1976). We therefore remand this

case to the Board for a proper hearing consistent with the Secretary's order on the charges of immorality and persistent negligence.

ORDER

AND Now, this 15th day of August, 1978, the order of the Secretary of Education dated February 8, 1977, is reversed only in so far as it provides that the Board of School Directors of the Riverside Beaver County School District may not consider the charge of immorality on remand of the dismissal of Barton W. Howe, III. On remand, the Board shall consider the charges of immorality and persistent negligence.