520 A.2d 99

Altoona Area Vocational-Technical School, Appellant *v.* Patrick T. Pollard, Appellee.

Argued November 21, 1986, before Judges MAC-PHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Karen L. Steele, Leopold, Eberhardt & Goldstein,* for appellant.

*Richard J. Russell, Russell, Pappas and Rozich,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, January 16, 1987:

This is an appeal by the Altoona Area Vocational Technical School (AAVTS) from an order of the Court of Common Pleas of Blair County reinstating Patrick T. Pollard as a professional employee of AAVTS and awarding him back pay and benefits. The common pleas court found Pollard was improperly suspended under Section 1124 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1124. We agree and affirm.

Pollard commenced his employment with AAVTS in August, 1976, and began his teaching duties on September 7, 1976. He was specifically hired to teach a welding class for the disadvantaged that AAVTS commenced due to the availability of federal funds. Pollard started the 1976-1977 school year under an emergency teaching certificate issued by the District Superintendent. He did not receive his intern teaching certificate from the Secretary of Education until November, 1976. He taught the disadvantaged welding class during the 1976-1977 and 1977-1978 school years and received satisfactory ratings throughout that time. On June 26, 1978, the AAVTS Director was informed by the Depart-

ment of Education it disapproved of the way the AAVTS disadvantaged welding program was run and the program would not be funded in the 1978-1979 school year. As a result of the Department's decision not to fund its disadvantaged welding program, in August, 1978, the AAVTS operating committee discontinued the program and suspended Pollard. He appealed his suspension and the common pleas court reversed and ordered him reinstated with back pay and benefits. AAVTS then appealed the common pleas court's order.

In this appeal, we are called upon to determine (1) whether Pollard was a tenured professional employee under the School Code and, if so, (2) whether the AAVTS properly suspended him under the provisions of the School Code.

A temporary professional employee does not become a tenured professional employee until he or she completes two years of satisfactory service as a temporary professional employee. Section 1108(b) of the School Code, 24 P.S. §11-1108(b). In *Department of Education v. Great Valley School District*, 23 Pa. Commonwealth Ct. 423, 352 A.2d 252 (1976), we interpreted 24 P.S. §11-1108(b) to provide tenure to a teacher who receives four satisfactory ratings over a two-year period and provides proof he or she was entitled to a temporary certificate at the beginning of that two-year period. There is no dispute Pollard had acquired the four necessary satisfactory ratings during the two-year period from August, 1976, through August, 1978. The only dispute is whether he was entitled to a temporary certificate in August, 1976, the beginning of that period.

When Pollard commenced his employment with AAVTS in August, 1976, he did not possess an intern certificate issued by the Department of Education. That certificate was not issued until November, 1976. The lack of that certificate in August, 1976, however, is not

fatal to Pollard's claim for tenure. In *Great Valley School District,* we noted a teacher who completed all the necessary work for her certificate in December, 1970, but whose certificate was not issued until April, 1971, completed two years of satisfactory service prior to receiving her first unsatisfactory rating in April, 1973. Judge KRAMER noted the relevant inquiry is not whether the teacher was issued the certificate, rather whether the teacher was *entitled* to the certificate. 23 Pa. Commonwealth Ct. at 429, 353 A.2d at 255-256. Our review of the record, in particular the testimony of Daniel A. Clark, Director of AAVTS, who testified Pollard had completed all the work necessary and was entitled to an intern certificate at the time of his hire in August, 1976, and the emergency certificate was issued pending the Department of Education's action on his application for an intern certificate. N.T. (8/15/78) p. 20-24. Additionally, at oral argument, counsel for AAVTS all but conceded Pollard has acquired tenure as a result of that entitlement. Accordingly, we are satisfied Pollard was a tenured professional employee who could not be suspended except for reasons listed in Section 1124 of the School Code, 24 P.S. §11-1124.

Section 1124 of the School Code allows districts to suspend a tenured professional employee for one of four reasons:

> 1. A substantial decrease in pupil enrollment in the school district.
>
> 2. Curtailment or alteration of the education program on recommendation of the superintendent, concurred in by the board of school directors, *approved by the Department of Public Instruction,* as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction.

3. Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employees.

4. When new school districts are established as the result of reorganization of school districts pursuant to Article II, subdivision (i) of the School Code, and when such reorganization makes it unnecessary to retain the full staff of professional employees.

The AAVTS findings dated August 30, 1978 contained stipulations of the parties that none of the above reasons existed and that Pollard's suspension was due totally to AAVTS eliminating the disadvantaged welding program due to a lack of federal funding for that program. The elimination of federal funding for a particular program is not one of the four reasons for which a district may suspend a tenured professional employee and Pollard's suspension would seem improper under the stipulated facts.

AAVTS, however, now comes before this Court and attempts to construe a letter it received from the Department of Education as a *de facto* approval to eliminate the disadvantaged welding program. While a party normally is bound by stipulations to which it is a party, such a stipulation is not binding if the facts presented conflicted with the stipulation. *Conyer v. Borough of Norristown*, 58 Pa. Commonwealth Ct. 629, 428 A.2d 749 (1981). AAVTS argues the Department of Education's letter of June, 1978, wherein the Department disapproved of the way AAVTS ran its disadvantaged welding program and informed AAVTS the program would not be funded for the 1978-1979 school year was a *de facto* approval to eliminate the program and conflicts with the prior stipulation that no such approval was

obtained. We disagree. The Department's letter merely informed AAVTS that funding for the disadvantaged welding program would not be available in the subsequent school year. The letter said nothing about AAVTS eliminating the program and made no recommendations in that regard. Additionally, AAVTS conceded the reason the program was eliminated was that it did not have the funding to run it on its own. Thus, the stipulated fact that Department of Education approval was not obtained to eliminate the disadvantaged welding program is not in conflict with the Department's letter notifying AAVTS that funding would not be forthcoming in the 1978-1979 school year. Since no such conflict in the evidence exists, AAVTS, as a party to the stipulation of facts, is bound by them. *See Morse Boulger Destructor Co. v. Camden Fibre Mills, Inc.*, 239 F.2d 382 (3d Cir. 1956); *Prudential Property & Casualty Co. v. Falligan*, 335 Pa. Superior Ct. 195, 484 A.2d 88 (1984). Therefore, as the parties stipulated that no cause for suspension under 24 P.S. §11-1124 existed and we have determined AAVTS is bound by that stipulation, Pollard's suspension was improper and the common pleas court correctly ordered his reinstatement.

In that we have determined AAVTS improperly suspended Pollard from his position as a professional employee, we need not reach the issue of whether AAVTS properly determined his seniority before it suspended him. We shall affirm the common pleas court.

## ORDER

NOW, January 16, 1987, the Order of the Court of Common Pleas of Blair County at Docket No. 625, June Term 1978, dated February 6, 1986, is hereby affirmed.

Judge PALLADINO dissents.