Michael LaPorta, Appellant, *v.* Bucks County Public Schools Intermediate Unit, No. 22, Appellee.

Argued October 11, 1974, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Richard W. Rogers,* with him *Rogers, King & Daniels,* for appellant.

*Charles N. Sweet,* with him *Curtin & Heefner,* for appellee.

OPINION BY JUDGE WILKINSON, November 7, 1974:

The merits of the issue which form the basis for these legal proceedings involve the propriety of the termination of appellant's contract of employment with appellee as Project Director of the Bucks County Youth Corps. Appellant originally was employed by appellee as Senior Coordinator of the Bucks County Youth Corps on September 21, 1965, and was promoted to Project Director on February 13, 1967. On July 2, 1973, he was notified that the appellee was terminating his services, effective July 13, 1973. The cause for the termination was that funds would not be available to continue the project.

Appellant, being dissatisfied with the termination of his employment, filed a petition for appeal under the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301 et seq., with the Court of Common Pleas

of Bucks County on July 24, 1973. In addition to the above facts, appellant alleged in his petition:

"5. That your Petitioner is a Professional Employee of the INTERMEDIATE UNIT, having the same rights of tenure and other employee rights as Professional Employees of School Districts pursuant to the Pennsylvania Public School Code.

"6 That the said Notice of Decision of July 2, 1973, respecting the alleged INTERMEDIATE UNIT Board Action of June 19, 1973, constitutes an adjudication by a Local Agency which affects the personal property rights, privileges and obligations of the parties in the proceeding giving rise to the said adjudication."

On August 17, 1973, appellee filed a petition to quash the appeal, alleging that an appeal under the Local Agency Law is not available to appellant when he alleges that he is a professional employee. If appellant is a professional employee, as he alleges, which for purposes of this proceeding we must assume is correct, it is appellee's position that the proper procedure to test the propriety of his dismissal is under the Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended*, 24 P.S. §11-1101 et seq. (Supp. 1974- 1975). The Court of Common Pleas agreed with the position of appellee and quashed the appeal. We must affirm.

The appellant argues that the lower court should have determined the issue of whether appellant is a professional employee or a temporary employee, which, appellant asserts, was the position taken by appellee on the merits in the court below. As clearly pointed out in the able opinion of Judge BODLEY below, this determination could not be made with the case in the posture it was before him, desirable as that might have been. The proper and only legal procedure for appellant to establish that he is a professional employee and entitled to all the protections of that status was to proceed under the remedies provided for aggrieved professional

employees in Sections 1127 through 1132 of the Public School Code, 24 P.S. §§11-1127 through 11-1132. *See Smethport Area School District v. Bowers,* 440 Pa. 310, 269 A. 2d 712 (1970), and *Veronica George v. Commonwealth of Pennsylvania, Department of Education,* 15 Pa. Commonwealth Ct. 239, 325 A. 2d 819 (1974). Obviously, our opinion in *Veronica George, supra,* was not available to appellant, but the procedure in that case was the exact procedure suggested by Judge BODLEY as appropriate to determine professional status.

As with the court below, this Court does not express any opinion on the merits of the case, but merely affirms the lower court's determination that appellant cannot assert that he is a professional employee and at the same time adopt an appeal procedure not available to a professional employee.

Affirmed.