# Veronica Marie George *v.* Union Area School District, Appellant.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Walter A. Kieler,* for appellant.

*Ronald N. Watzman,* for appellee.

OPINION BY JUDGE ROGERS, January 7, 1976:

This is the second time that this matter has been before us. In *George v. Commonwealth, Department of Education,* 15 Pa. Commonwealth Ct. 239, 325 A.2d 819 (1974), we affirmed the decision of the State Secretary of Education that Ms. George was a temporary professional employee, not a tenured teacher, and that he, the Secretary, had no jurisdiction of her appeal from her dismissal by the School Board of the Union Area School Dis-

trict. Ms. George had also appealed from her dismissal pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301, et seq. In this proceeding the School Board, after hearing, decided that the dismissal was proper. Ms. George appealed the Board's decision to the Court of Common Pleas of Lawrence County which reversed the action of the School Board and ordered Ms. George's reinstatement. The School District has now appealed the lower court's order. We affirm.

As Judge WILKINSON in his opinion in the earlier appeal recorded, Ms. George had received a satisfactory rating and was dismissed solely because a tenured employee teaching her subject had announced his intention to return to teaching after completing his military service.

Section 1108 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1108, provides that no temporary professional employee shall be dismissed unless rated unsatisfactory. Since Ms. George was rated satisfactory, she was not subject to dismissal. While a School Board may, by following the procedures set out in Section 1125 of the Public School Code of 1949, 24 P.S. §11-1125, effect a reduction of its staff by suspending professional employees, it may not dismiss them except for cause, which, in the case of temporary professional employees, is an unsatisfactory rating. Ms. George is, therefore, entitled to reinstatement without loss of pay. Should the matter of the amount of pay due Ms. George become an issue we, as did Judge HENDERSON who wrote the able and thorough opinion of the court below, refer the parties to *Charleroi Area School District v. Commonwealth, Secretary of Education*, 18 Pa. Commonwealth Ct. 121, 334 A.2d 785 (1975).

Affirmed.