Patricia Berger *v.* School District of the City of Erie, Appellant.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*John W. Beatty,* Solicitor, for appellant.

*George Levin,* with him *Shamp, Levin, Arduini and Hain,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 18, 1977:

Patricia Berger (Appellee) was granted judgment on the pleadings by the Court of Common Pleas which ordered the School District of the City of Erie (School District) to hold a hearing under the Local Agency Law (Act), Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

In July of 1975, Appellee received a letter from the School District informing her that she was being suspended from her position as a tenured professional

employe because of declining school enrollment. Subsequently, Appellee requested a hearing to contest the propriety of her suspension. The School District failed to respond to her request, whereupon Appellee filed a complaint in mandamus praying for a hearing under either Section 4 of the Act, 53 P.S. §11304, or pursuant to the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq. The court below granted Appellee's motion for judgment on the pleadings and ordered a local agency hearing. This appeal followed.

Judgment on the pleadings is properly entered when ''an overall examination of the pleadings reveals that there are no issues of fact and that the case is clear.'' *Milk Marketing Board v. Ohio Casualty Insurance Co.,* 25 Pa. Commonwealth Ct. 371, 377, 360 A.2d 788, 791 (1976). The School District alleges the court below erred in fashioning a remedy pursuant to the Act when, it contends instead, the Code provides the appropriate remedy.

The School District's contention is that our holding in *La Porta v. Bucks County Public Schools Intermediate Unit No. 22,* 15 Pa. Commonwealth Ct. 566, 327 A.2d 655 (1974), supports the proposition that tenured professional employes have no right to a hearing under the Act. However, *La Porta* was *dismissed* from his employment, not *suspended.* We wrote in *Smith v. Board of School Directors of The Harmony Area School District,* 16 Pa. Commonwealth Ct. 175, 177, 328 A.2d 883, 884-85 (1974), that ''Sections 1127 through 1132 of the Public School Code of 1949, 24 P.S. §§11-1127 through 11-1132, do not apply to suspensions under Section 1124 but rather to dismissals, and further, only apply to professional employees.'' Section 1127 of the Code, 24 P.S. §11-1127, the section providing for school board hearings in such instances, is limited by its own terms to professional employes who are ''dis-

missed.'' There being no dispute as to Appellee's status as a ''professional employe'' or that she was suspended and not dismissed, it is apparent that Appellee is left without the remedy of a hearing under the Code.

As we stated in *Fatscher v. Board of School Directors, Springfield School District,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977), Section 1124 of the Code, 24 P.S. §11-1124, by enumerating four reasons for the suspension of professional employes, in effect, grants employes the right to be suspended for those reasons only. The Act was enacted precisely for the purpose of providing a procedure to enforce such rights, where, as here, none would otherwise exist.

Since we hold that Appellee has a clear right to a hearing, we affirm the order of the court below granting judgment on the pleadings in favor of Appellee.

ORDER

AND Now, this 18th day of March, 1977, the order of the Court of Common Pleas of Erie County is hereby affirmed.