## Twer v. School District of Philadelphia

*Gene D. Cohen*, for plaintiff.
*Eugene F. Brazil*, for defendant.

FORER, *J.*, June 7, 1978—Plaintiff, an ophthalmologist employed by defendant school district, brings this action for a declaratory judgment seeking to have the court rule that he is a "professional employe" within the meaning of the Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §11-1101. Plaintiff asserts that, 1. Under the code he is entitled to this status, and 2. That defendant is legally and equitably estopped from denying him such status.

The facts are admitted. Plaintiff is a licensed physician. In 1954, he was employed part-time as a school physician. In 1959, after a qualifying examination, he was appointed a full-time medical supervisor. The contract of employment is a form entitled Professional Employe's Contract (Pl. Ex-5). Plaintiff supervises doctors, arranges programs, and speaks to parents and children. He does not spend 50 percent or any substantial portion of his working hours in the classroom engaged in teaching or direct educational activities. See Fiorenza v. Bd. of School Directors, 28 Pa. Commonwealth Ct. 134, 367 A. 2d 808 (1977).

In 1977, due to a serious shortage of estimated school revenues, plaintiff, with many other employes, was demoted. Thereafter, by order of the Secretary of Education, Commonwealth of Pennsylvania, plaintiff was reinstated.

Both parties agree that if plaintiff is not a "professional employe" he may be subject to demotion or dismissal in the future. If he is not a "professional employe" his job is less secure and his rights will be determined under union arbitration rather than the Public School Code.

A declaratory judgment is an appropriate remedy for the resolution of this question: Uniform Declaratory Judgment Act of June 18, 1923, P.L. 840, sec. 1, 12 P.S. §831 et seq.; Liberty Mutual Ins. Co. v. S.G.S. Co., 456 Pa. 94, 318 A. 2d 906 (1974).

The term "professional employe" is defined in the Public School Code as follows:

"The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school

visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses." §11-1101.

Although the Philadelphia School District employs many professional people, e.g., doctors, lawyers, architects and engineers, they are not "professional employes" within the meaning of the code. See Elias v. Bd. of School Directors, 421 Pa. 260, 218 A. 2d 738 (1966). It is undisputed that lawyers, members of a learned profession, who are employed by defendant to serve as attorneys for the School District are not professional employes either under the code or by custom or practice. The classification of professional employes is not arbitrary: Teachers' Tenure Act Cases, 329 Pa. 213, 232, 197 Atl. 344 (1938). Plaintiff does not contend that he is a teacher or performs teaching functions. Cf. Spigelmire v. N. Braddock School Dist., 352 Pa. 504, 43 A. 2d 229 (1945).

Plaintiff argues that the word "supervisor" includes a medical doctor who is hired to be a "medical supervisor." From a simple reading of the statute, it is clear that taking the word supervisor in context it means a certificated supervisor of teachers. Plaintiff is a licensed medical doctor. He is not a certificated educational supervisor. All non-teaching personnel who are included in the definition of professional employe in section 11-1101 have been added by specific amendments to the code: Home and school visitors, Act of March 10, 1949, P.L. 1365, sec. 2; school counselor, id.; nurses, id.; child nutrition program specialists, Act of July 22, 1969, P.L. 172, sec. 1; and librarians, Act of November 30, 1971, P.L. 546, sec. 1. In the ab-

sence of specific legislation covering medical supervisors, there is no authority to declare that plaintiff is a "professional employe."

Plaintiff's argument of estoppel raises interesting questions. It is admitted that from May 10, 1960, defendant in its communications with plaintiff has categorized him as a professional employe. (P. Ex-2 consisting of four satisfactory performance notices. P. Ex-3, a letter of November 15, 1961, from Associate Superintendent Pearce notifying plaintiff that the Board of Public Education at its November 14, 1961, meeting approved the recommendation that his "status be made that of professional employe." The Professional Employe's Contract dated January 10, 1975, and signed, inter alia, by Edward B. Soken, secretary, who was at that time counsel to the school district.) Plaintiff testified that in reliance on the security of his status as a professional employe he has foregone the probability of a much greater income from private practice. Plaintiff does have a part-time medical practice. He also has the benefits of the short school day, vacations, sabbaticals, and other fringe benefits of a public school employe.

Government bodies who clothe officials with apparent authority are estopped from denying such acts unless they are in violation of positive law: Breinig v. Allegheny Co., 332 Pa. 474, 2 A. 2d 842 (1938); Banks v. Redevelopment Authority, 416 F. Supp. 72 (E.D. Pa. 1976). Defendant does not have authority to give plaintiff a status to which he is not entitled under the code. See George v. Dep't. of Education, 15 Pa. Commonwealth Ct. 239, 325 A. 2d 819 (1974).

Smith v. Phila. School Dist., 334 Pa. 197, 5 A. 2d 535 (1939), cited by plaintiff, does not support his

contention. On the contrary, the case holds that a school district is not estopped from reducing the salary of a teacher but is subject to the tenure act in making salary reductions. The school board, the superintendent and legal counsel have all erroneously purported to confer on plaintiff the status of professional employe. However, none of them can act in violation of the school code nor can any or all of them by such acts and reliance thereon be compelled by a court to give to plaintiff a classification for which there is no legal authority.

In this action for declaratory judgment this court can only declare the status of plaintiff under the law. If, in the future, plaintiff is suspended, demoted or otherwise prejudiced by some action of defendant, he is not precluded by this order from raising questions of equitable estoppel in an appropriate action.

The prayer of the petition is denied.