Board of Public Education for the School District of Pittsburgh, Appellant *v.* Gloria Gooley, Appellee.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

312

*Persifor S. Oliver, Jr.,* Assistant Solicitor, with him *David H. Dille,* Assistant Solicitor, for appellant.

*John H. Corbett, Jr.,* with him *Karns & Corbett,* for appellee.

OPINION BY JUDGE MacPHAIL, March 19, 1979:

The Board of Public Education of the School District of Pittsburgh (Board) appeals from an order of the Court of Common Pleas of Allegheny County granting a writ of mandamus in favor of Gloria Gooley (Gooley) and ordering the Board to (1) reinstate Gooley to the status of tenured professional employee, (2) grant her a contract consistent with that status, and (3) pay her $3000.00 in back pay. On this appeal, the Board argues that the court below was without jurisdiction to issue a writ of mandamus and that it exceeded its authority in ordering Gooley reinstated with back pay. We agree that the trial court erred in issuing the writ of mandamus and accordingly we reverse.[1]

---

[1] Because we have decided that the trial court was without jurisdiction to issue the writ of mandamus, we need not consider the Board's contention that the remedy ordered was excessive.

The facts of the case are virtually undisputed. On August 30, 1967, Gooley and the Board entered into a contract providing that Gooley "accepted an appointment to the temporary position of Temporary Teacher, OIC." At that time, Gooley had a provisional certificate to teach issued by the Department of Public Instruction. From August 31, 1967 through September, 1969, Gooley taught in the Adult Basic Education Program at the Connelly Skill Learning Center. In October, 1969, Gooley was transferred to the Washington Education Center where she again taught in the Adult Education Program. She remained there until her employment was terminated on June 30, 1972.

After signing the initial contract with the Board in 1967, Gooley worked without a written contract until September 22, 1971. On that date, she signed an "Agreement for Temporary Position" which provided that the appointment was to become effective October 1, 1971 and would terminate on June 30, 1972, that the temporary position was not a tenured one, and that employment beyond June 30, 1972 would require the execution of a new agreement.

Gooley was evaluated five times during the course of her employment. In June, 1968, she received a rating of "below average"; in June, 1969 and June, 1970, she was rated as "average"; in May, 1971, she was rated as "below average"; and in April, 1972, she received a rating of "unsatisfactory." Although Gooley received a permanent professional certificate from the Department of Public Instruction in March, 1969, she never met the prerequisites to be placed on the eligibility list of the School District of Pittsburgh.

On June 28, 1972, Gooley was informed by letter that her appointment in the Adult Basic Education Program would terminate on June 30, 1972, and that employment beyond that date would be possible only

after execution of a new contract. She was not re-employed by the Board after June 30, 1972.

On July 10, 1972, Gooley requested a hearing concerning her dismissal before the superintendent of the school district or before the superintendent's representative. Such a hearing was held before the Board's solicitor on August 1, 1972. On August 11, 1972, the solicitor notified Gooley that her employment had been terminated and that the Board had taken no subsequent action to reinstate her. Thereafter, there was an exchange of correpondence between counsel for Board and counsel for Gooley regarding a hearing before Board. When Gooley's counsel's last letter demanding such a hearing was not answered, Gooley filed a written request for a hearing before the Secretary of the Department of Education. That request was denied on December 31, 1973, on the ground that Gooley's appeal was untimely filed. No appeal was taken from the Secretary's decision. Rather, Gooley instituted a mandamus action resulting in the order from which Board now appeals.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is (1) a clear right in the plaintiff, (2) a corresponding duty in the defendant, and (3) no other appropriate or adequate remedy. *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 297 A.2d 823 (1972). The determination of whether mandamus is appropriate in any given case is within the discretion of the trial court and that decision will be overturned only where it constitutes an abuse of discretion. *Coleman v. Board of Education of the School District of Philadelphia*, 477 Pa. 414, 383 A.2d 1275 (1978).

In the instant case, the trial court found that Gooley was a professional employee under the terms

of Section 1101 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1101 (Code). Board does not challenge this finding in this appeal. Because Gooley was a professional employee, she had "clear rights" and the Board had corresponding duties as defined in the Code. *See Department of Education v. Great Valley School District*, 23 Pa. Commonwealth Ct. 423, 352 A.2d 252 (1976). The only remaining issue is whether Gooley also had an appropriate or adequate remedy other than an action in mandamus.

> The adequacy of a remedy at law is not measured by the success or failure of a legal claim, but rather whether the statutory remedy provides an avenue for review of the administrative determination by which the party was aggrieved.

*Ragano v. Rigot*, 25 Pa. Commonwealth Ct. 428, 431, 360 A.2d 779, 781 (1976). A statutorily created hearing and appeal process is an adequate alternative remedy and where such a remedy exists mandamus will not lie. *Packler v. State Employes' Retirement Board*, 33 Pa. Commonwealth Ct. 452, 382 A.2d 158 (1978).

The Code establishes the methods by which professional employees may seek redress for their employment grievances. Gooley followed those procedures by seeking a hearing before the Board and by appealing the Board's refusal to grant her a hearing to the Secretary. After her appeal was denied by the Secretary, however, she abandoned her administrative remedy and instituted this action in mandamus. The appropriate action following the Secretary's decision would have been a direct appeal to this Court as provided for in Section 403 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L.

673, *as amended,* 17 P.S. §211.403.[2]   As our Supreme Court stated in *Valley Forge Racing Association, Inc. v. State Horse Racing Commission, supra,*

> If a disappointed applicant such as Valley Forge is dissatisfied with the Commission's order of renewal, his recourse is an appeal from that decision. . . . This is the very type of appropriate and adequate remedy that courts have traditionally viewed as defeating a cause of action in mandamus.   (Citation omitted.)

449 Pa. at 296-97, 297 A.2d at 825.

Gooley argues that she could not appeal to this Court following the Secretary's order because there was no record for us to review.  Her argument is totally without merit.  The lack of a record would not have defeated the appeal.  Had we been unable to reach a decision because of an inadequate record, the case would have been remanded for completion of the record as we have done in so many other cases.

Since Gooley failed to pursue the statutory remedy available to her, an action in mandamus cannot lie. Accordingly, the trial court was without jurisdiction to issue a writ of mandamus and to do so was an abuse of discretion.

### ORDER

AND Now, this 19th day of March, 1979, the order of the Court of Common Pleas of Allegheny County, Civil Division, dated February 1, 1978, is reversed and the complaint of Gloria Gooley is dismissed.

---

[2] Section 403 of the Appellate Court Jurisdiction Act of 1970 was repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, 42 P.S. §20002(a) [1443]. A similar provision is now found in the Judicial Code, 42 Pa. C.S. §763.