Carolyn M. Merritt, Appellant *v.* West Mifflin Area School District, Appellee.

Argued November 20, 1980, before Judges WILKIN-SON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*P. Andrew Diamond,* with him *William E. Stockey, Lewis, Stockey and DeAngelis,* for appellant.

*William C. Andrews, with him Thomas M. Rutter, Jr., Goehring, Rutter & Boehm,* for appellee.

OPINION BY JUDGE MACPHAIL, January 16, 1981:

This is an appeal taken by Carolyn M. Merritt (Appellant) from an order of the Court of Common Pleas of Allegheny County which sustained the preliminary objections of the West Mifflin Area School District (Appellee) and dismissed Appellant's complaint in mandamus. We affirm.

Appellant filed a complaint in mandamus with the Court of Common Pleas of Allegheny County on November 28, 1979. Appellant alleges therein that on October 25, 1979 she was dismissed, after having failed to appear at a hearing held on the same date, from employment as a professional employee with

the Appellee.[1] The complaint further alleges that Appellant's family and legal counsel did not become aware of the dismissal proceedings until November 20, 1979. Since Appellant allegedly was mentally incompetent to participate in the hearing held in October, she requested that the court below direct Appellee to hold another hearing on the issue of her dismissal. The court sustained Appellee's preliminary objection raising a question of jurisdiction finding that the matter should have been appealed to the Secretary of Education.

The issues raised by the present appeal are: (1) whether, the Appellee's objection was properly pleaded and (2) whether the court below was correct in concluding that it lacked jurisdiction over the action in mandamus.

Appellant argues that Appellee's preliminary objection, to wit, that jurisdiction over the action in mandamus was lacking because Appellant failed to pursue her statutory remedy, does not raise a question of jurisdiction and should have been pleaded in New Matter.[2] We disagree.

Mandamus is an extraordinary writ which lies to compel the performance of a mandatory duty or a

---

[1] Appellee claims that the dismissal occurred on October 30, 1977. This, as well as any other, factual dispute does not influence our determination in the instant case. We therefore, need not determine whether the court below erred in treating several documents attached to Appellee's brief in support of its preliminary objections as evidence.

Appellee has not disputed that Appellant was a professional employee as defined by Section 1101 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1101.

[2] Questions of jurisdiction are properly raised by preliminary objection. Pa. R.C.P. No. 1017(b). Affirmative defenses must be pleaded under New Matter. Pa. R.C.P. No. 1030.

ministerial act only where there is (1) a clear legal right in the plaintiff, (2) a corresponding duty in the defendant, and (3) no other appropriate or adequate remedy. *Anderson v. Shaffer,* 39 Pa. Commonwealth Ct. 636, 396 A.2d 91 (1979). An objection which alleges the failure to pursue an adequate alternative remedy, therefore, raises a question of jurisdiction and is properly pleaded as a preliminary objection. See *Packler v. State Employes' Retirement Board,* 33 Pa. Commonwealth Ct. 452, 382 A.2d 158 (1978), *aff'd,* 487 Pa. 51, 408 A.2d 1091 (1979) (existence of adequate statutory remedy deprives court of jurisdiction over an action in mandamus).

Appellant also argues, on this same point, that Appellee "admitted" that it should have pleaded the failure to pursue a statutory remedy under New Matter by operation of Pa. R.C.P. No. 209(b) which provides, in part, that factual averments responsive to any petition which are properly pleaded in the answer are deemed admitted. This argument is clearly without merit. Appellant's allegation that Appellee should have pleaded by way of New Matter does not qualify as an averment of *fact.* Conclusions of law are not deemed admitted under the above-cited rule.

We now turn to a consideration of whether the lower court properly found that it lacked jurisdiction to issue a writ of mandamus in the instant case. We consider our decision to be controlled by *Board of Public Education for the School District of Pittsburgh v. Gooley,* 41 Pa. Commonwealth Ct. 311, 399 A.2d 148 (1979). In *Gooley* this Court specifically held that an action in mandamus cannot lie where a professional employee fails to pursue the statutory remedy provided by the Code.

Section 1131 of the Code, 24 P.S. §11-1131 provides, in pertinent part:

> In case the professional employe concerned considers himself or herself aggrieved by the action of the board of school directors, an appeal by petition, setting forth the grounds for such appeal, may be taken to the Superintendent of Public Instruction at Harrisburg. Such appeal shall be filed within thirty (30) days after receipt by registered mail of the written notice of the decision of the board.

The appropriate action, therefore, would have been for Appellant to file an appeal with the Secretary of Education[3] within thirty days after she received written notice of Appellee's decision.[4] Since Appellant failed to pursue her statutory remedy which was appropriate and adequate, the court below was correct in finding that it lacked jurisdiction to consider the action in mandamus.[5]

The order of the Court of Common Pleas of Allegheny County is, accordingly, affirmed.

ORDER

AND Now, this 16th day of January, 1981 the order of the Court of Common Pleas of Allegheny County, No. G.D. 79-31318, dated January 7, 1980, is hereby affirmed.

---

[3] Section 2 of the Act of July 23, 1969, P.L. 181, 71 P.S. §1038 provides, in part, that: "The Superintendent of Public Instruction shall ex officio be the Secretary of Education."

[4] Appellee alleges that Appellant received written notice on November 3, 1979.

[5] The court below also stated in its opinion that "no evidence has been established to show that [Ms. Merritt] was in fact mentally incompetent. However, even if this were the case, it would not be a sufficient reason to set aside the actions of the Board." We agree with Appellant that such language, evidencing consideration of the merits of the case, was inappropriate at this preliminary stage of the proceedings. However, since we have concluded that the court lacked jurisdiction to consider the action, the error does not alter our decision.