Michael A. Brennan, Appellant *v.* Lewis S. Taylor, Director of Personnel of City of Philadelphia, Appellee.

Submitted on briefs, June 11, 1982, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*John Wendell Beavers, Casper & Beavers, P.C.,* for appellant.

*Alan J. Davis,* City Solicitor, with him *Judith N. Dean,* Deputy City Solicitor, and *Gayle R. Smith,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, July 30, 1982:

This is an appeal from an order of the Court of Common Pleas of Philadelphia which sustained a preliminary objection in the nature of a petition raising the question of jurisdiction in a mandamus action. The court's order also remanded the case to the Civil Service Commission of the City of Philadelphia (Civil Service Commission).

The underlying facts as determined from the Appellant's[1] complaint are that Appellant, who was employed by the City of Philadelphia as a fireman, took a written examination for Fire Lieutenant. He was notified that he had failed the examination whereupon he requested to see his corrected examination. The examination paper was made available to him and Appellant alleges that he discovered four answers that were incorrectly marked. He called this matter to the attention of the Director of the Personnel Department, Appellee herein, who sent a communica-

---

[1] Michael A. Brennan.

tion dated April 19, 1978 to Appellant which stated that the test review had been conducted and that the conclusion reached was that Appellant had "surreptitiously altered" his test answer sheet. The Appellant was advised by the same communication that as a consequence of his misconduct he was barred from taking the next Fire Lieutenant examination and that his name would remain on the failure list.

Shortly thereafter, Appellant filed his complaint in equity for mandamus.[2] The bases for Appellee's preliminary objections were that Appellant had failed to exhaust his administrative remedy and had an adequate remedy at law.

In his memorandum opinion in support of his order sustaining Appellee's preliminary objection, the trial judge held that it was implicit in the applicable City Charter provisions that Appellant had a right of appeal from the determination of the Director of Personnel to the Civil Service Commission. The trial court apparently concluded that since Appellant had that administrative remedy, his action in mandamus was inappropriate. Notwithstanding the trial court's finding that it had no jurisdiction in the matter, the court ordered the case remanded to the Civil Service Commission because it was "cognizant, of the need to provide plaintiff with an appropriate remedy in this case."

This Court has held that:

Mandamus is an extraordinary writ which lies to compel the performance of a mandatory duty or a ministerial act only where there is (1) a clear legal right in the plaintiff, (2) a corresponding duty in the defendant, and (3) no

---

[2] Mandamus, of course, is an action at law governed by Pa. R.C.P. Nos. 1091-1099 and the action should have been filed on the law side of the court.

other appropriate or adequate remedy.... An objection which alleges the failure to pursue an adequate alternative remedy, therefore, raises a question of jurisdiction and is properly pleaded as a preliminary objection.

*Merritt v. West Mifflin Area School District*, 56 Pa. Commonwealth Ct. 126, 128-29, 424 A.2d 572, 573-74 (1981) (citations omitted). Therefore, if an alternative statutory remedy was available to Appellant, mandamus would not lie and this case would have to be dismissed for lack of subject matter jurisdiction.

Appellee contends that the communication from the Director of Personnel to the Appellant was an adjudication under the provisions of 2 Pa. C. S. §101 and subject to judicial review under Section 752 of the Local Agency Law, 2 Pa. C. S. §752. Since Appellant failed to file an appeal to the Court of Common Pleas within thirty days of the adjudication, Appellee argues that neither this Court nor the trial court has subject matter jurisdiction in this matter.

Appellant does not argue that there was no adjudication in this case from which an appeal would lie;[3] rather Appellant contends that the civil service regulations[4] provide that where there are matters investigated by the Director of Personnel concerning alleged violations relating to civil service examinations, there is no right of appeal other than as expressly conferred by the City Charter. Appellant points out that even the trial court could not identify any *specific* City Charter provisions that deal with this problem. Ap-

---

[3] Because it is unnecessary for us to do so, we will not determine whether the communication from the Director of Personnel was an adjudication but we do observe that there is at least a question of whether Appellant had a property right in a civil service examination involving a promotion.

[4] Philadelphia Civil Service Regulation 9.163.

pellant's brief[5] continues by stating that, "It is therefore obvious that any *appeal* taken must be to the appropriate Courts." (Emphasis added.) We agree. The Appellant's problem is that he has *not* appealed; he has commenced a new action in mandamus. This he cannot do when an adequate alternative remedy was available to him. *Merritt.* We affirm the trial court's order which sustained Appellee's preliminary objection on the ground of lack of jurisdiction.

Finally, we must delete that part of the trial court's order which remands this case to the Civil Service Commission. Since the trial court found that it had no jurisdiction, it was powerless to do anything more than dismiss the action, however laudable its motives in trying to protect the Appellant's rights. There can be no ancillary proceeding to enforce an interlocutory order where a suit has been dismissed. 24 Am. Jur. 2d *Dismissal, Discontinuance and Nonsuit* §73 (1966).

### ORDER

It is ordered that the order of the Court of Common Pleas of Philadelphia County dated February 23, 1979 be affirmed insofar as it sustains the preliminary objection of Lewis S. Taylor. That part of the said order which would remand the case to the Civil Service Commission of the City of Philadelphia is vacated and the case is dismissed.

---

[5] This case was heard on a submission of briefs at the request of the parties.