Karen Racunas, Appellant *v.* Ringgold School District, Appellee.

222

Argued May 5, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MAC-PHAIL, sitting as a panel of three.

*Gretchen Sohn Reed,* for appellant.

*George B. Stegenga,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., December 1, 1982:

This case comes before the Court on an appeal by Karen Racunas, an elementary school teacher, from a determination by the Washington County Court of Common Pleas that her action in mandamus against the Ringgold School District (district) will not lie. Ms. Racunas had brought suit praying that the district be ordered to (1) issue her a contract as a professional employee for the current school year, (2)

pay her in accordance with the salary she would be earning if she had been employed as a professional employee since the 1974-1975 school year, and (3) give her back pay and retirement benefits for the intervening years.

Because the trial court concluded that an action in mandamus could not be sustained, and that it therefore did not have jurisdiction,[1] it did not make findings of fact. We are now confronted with innumerable contradictory pleadings and pieces of evidence, but will nevertheless attempt to fashion a recitation of the uncontested facts. Ms. Racunas graduated from college in 1969, and worked for the district as a temporary professional employee[2] from January, 1969, until January, 1971, when she resigned. After work-

[1] In this instance, the question of the jurisdiction of the Court relative to Ms. Racunas' failure to exhaust her administrative remedies was raised in the pleadings before the trial court, and in the appeal to this Court. Cf. Pointek v. Elk Lake School District, 26 Pa. Commonwealth Ct. 62, 360 A.2d 804 (1976) ; Hosler v. Bellefonte Area School District, 38 Pa. Commonwealth Ct. 429, 395 A.2d 289 (1978) ; Pottsville Area School District v. Marteslo, 55 Pa. Commonwealth Ct. 482, 423 A.2d 1336 (1980) ; and Bitler v. Warrior Run School District, 62 Pa. Commonwealth Ct. 592, 437 A.2d 481 (1981), in which this Court did not discuss, nor did the parties raise, the issue of exhaustion of remedies. In the context of a mandamus action such as this, it is actually not a want of jurisdiction which is being argued, but the failure of the plaintiff to prove those "elements precedent," whose absence bars the court from taking cognizance of the action. Because the issue is not correspondent to subject-matter jurisdiction, it is waivable, as the above-cited cases demonstrate.

[2] Section 1101 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §§11-1101, reads, in pertinent part :

(3) The term "temporary professional employe" shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

ing as an occasional substitute[3] in the district in the interim, she returned in September, 1974, and taught daily in one classroom for the entire 1974-1975 school year. Ms. Racunas testified that at some point around the end of that year, she approached the superintendent to request that he sign her application for permanent certification,[4] but he declined to do so. During the 1975-1976 school year, the appellant once again taught for the entire year in one classroom, although not in the same classroom or school in which she had been located the previous year.

The district asserts that Ms. Racunas was a substitute for the 1974-75 and 1975-76 school years; she argues that she was filling a position vacated by the resignation of a professional employee[5] during 1974-75, and thus should be accorded the status of professional employee, as will be further explicated. The 1975-1976 school year is not involved in this appeal,

---

[3] "Substitute" is defined at 24 P.S. §§11-1101 as meaning:
any individual who has been employed to perform the duties of a regular professional employe during such period of time as the regular professional employe is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employe who is absent.

[4] See 22 Pa. Code §49.83, which directs that an applicant who has received an Instructional I Certificate, has "completed three years of satisfactory teaching" and has completed a 24 semester credit hour requirement of post-baccalaureate instruction shall be issued an Instructional II Certificate, sometimes referred to as permanent certification.

[5] "Professional employee" is defined at 24 P.S. §§11-1101 as including:
those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers , home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries, the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

since the position was one which all parties agree could legally be filled by a substitute.

The common pleas court refused to decide whether Ms. Racunas should be accorded professional employee status,[6] because it believed that she failed to exhaust her administrative remedies. It concluded that Ms. Racunas was entitled to, and should receive, a hearing before the district school board to determine her professional status. Having determined that an adequate administrative remedy exists, the trial court dismissed the mandamus action.

In her appeal to this Court, Ms. Racunas contends (1) that the common pleas court should not have refused to issue the writ, since there exists no adequate administrative remedy, (2) that this Court, having all the facts of record before it, should determine the case on the merits to avoid prolonging the litigation, and (3) that she should prevail on the merits, which were not reached by the trial court because of its alleged erroneous dismissal of her mandamus action. Because our scope of review is limited to an examination of possible errors of law or abuses of discretion, we will not reach the merits of this case; as an appellate court, we cannot function as a fact-finder.

Turning to appellant's first contention, we note that we are strictly limited in our review of the trial court's order, because:

[6] A reading of the pertinent provisions of the Public School Code and the case law establishes that professional employee status is obtained by teaching, for two years, in a position newly created for, or permanently vacated by, a professional employee. In addition to the teaching requirement, the employee must maintain her status as a certified teacher with either an Instructional I Certificate, or an Instructional II Certificate and must not be the recipient of an unsatisfactory rating during the last four months of her second year of teaching as a temporary professional. See *Department of Education v. Jersey Shore Area School District*, 481 Pa. 356, 392 A.2d 1331 (1978).

The determination of whether mandamus is appropriate in any given case is within the discretion of the trial court and that decision will be overturned only where it constitutes an abuse of discretion.

*School District of Pittsburgh v. Gooley,* 41 Pa. Commonwealth Ct. 311, 314, 399 A.2d 148, 150 (1979). We have also frequently observed that mandamus

is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate or adequate remedy.

*United States Steel Corp. v. Papadakos,* 63 Pa. Commonwealth Ct. 213, 215, 437 A.2d 1044, 1045 (1981).

Since the common pleas court concluded that an adequate administrative remedy is available to the plaintiff/appellant, we shall examine that determination to ascertain whether it constitutes an abuse of discretion.[7] The trial court emphasized two opinions previously issued by this Court: *LaPorta v. Bucks County Public Schools Intermediate Unit No. 22,* 15 Pa. Commonwealth Ct. 566, 327 A.2d 655 (1974), and *Gooley.*

*LaPorta* involved the termination of an individual who asserted that he was a professional employee of the Intermediate Unit. The district released him from employment because the funding for the project he had been directing was discontinued. LaPorta appealed his dismissal to the common pleas court under the appeal provisions of the Local Agency Law.[8]

---

[7] *See Mont-Bux, Inc. v. McKinstry,* 27 Pa. Commonwealth Ct. 194, 197, 365 A.2d 1329, 1330 (1976) : "Abuse of discretion includes not only errors of judgment but also the overriding or misapplication of the law."

[8] 2 Pa. C.S. §551 *et seq.*

The court quashed his appeal, agreeing with the position of the Intermediate Unit that, *because of his allegation* that he was a professional employee improperly denied the statutory protections of the Public School Code of 1949 he was required to proceed under that Code to test the propriety of his dismissal.

The proper and only legal procedure for appellant to establish that he is a professional employee and entitled to all the protections of that status was to proceed under the remedies provided for aggrieved professional employees in Sections 1127 through 1132 of the Public School Code . . . .

15 Pa. Commonwealth Ct. at 569, 327 A.2d at 656.

In *Gooley*, a teacher who contended that she had achieved professional employee status filed an action in mandamus requesting relief legally identical to that Ms. Racunas is presently seeking, after she had attempted to follow the appeal procedures in the Public School Code. When she was unable to obtain a hearing before the school board or before the Secretary of Education, she filed the action in common pleas court. That court issued the writ, and the school district appealed to this Court, which determined that issuance of a writ of mandamus had been incorrect because "[a] statutorily created hearing and appeal process is an adequate alternative remedy and where such a remedy exists mandamus will not lie." 41 Pa. Commonwealth Ct. at 315, 399 A.2d at 150. The Court went on to state:

The Code establishes the methods by which professional employees may seek redress for their employment grievances. Gooley followed those procedures by seeking a hearing before the Board and by appealing the Board's refusal to grant her a hearing to the Secretary. After her appeal was denied by the Secretary, how-

ever, she abandoned her administrative remedy and instituted this action in mandamus. The appropriate action following the Secretary's decision would have been a direct appeal to this Court. . . .

In the matter presently before us, the common pleas court correctly decided that *Gooley* is dispositive of the procedural issues raised in Ms. Racunas' attempt to establish the elements of mandamus. Appellant seeks to have the courts decide whether she is entitled to professional employee status, and then direct the school board to submit to that decision. That is not the function of the judiciary in this context. The Secretary of Education has exclusive jurisdiction over matters of this nature, *See Norwin School District v. Chlodney,* 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978); *Shestack v. General Braddock Area School District,* 63 Pa. Commonwealth Ct. 204, 437 A.2d 1059 (1981), and is the ultimate fact-finder[9] in appeals under 24 P.S. §11-1131 from decisions of the school board. *Grant v. Board of School Directors of Centennial School District,* 43 Pa. Commonwealth Ct. 556, 403 A.2d 157 (1979). The courts of the Commonwealth cannot usurp that authority.

Obviously, the initial determination to be made in any case in which there is a contested allegation of professional status is whether the employee enjoys that position, because the law which governs the appeal procedure varies, depending on the result of that decision. When the employee asserts, as Ms. Racunas does, that she is a professional employee, then she is

___

[9] *But see Strinich v. Clairton School District,* 494 Pa. 297, 431 A.2d 267 (1981), which limits the review powers of the Secretary to "traditional appellate review" of testimony taken before the school board. The Supreme Court does interpret 24 P.S. §11-1131 as permitting the Secretary to make additional findings relative only to any additional testimony that is adduced before him.

entitled to a hearing before the Board to afford her
the opportunity to prove that allegation. *Rosenberg
v. South Allegheny School District,* 61 Pa. Common-
wealth Ct. 63, 432 A.2d 654 (1981); *LaPorta.*

If the Board finds that she is a professional em-
ployee, she is entitled to a written statement of
charges and another hearing before the Board prior
to dismissal. 24 P.S. §11-1127. A determination rel-
ative to the validity of the dismissal is appealable to
the Secretary of Education under 24 P.S. §11-1131,
and ultimately to the Commonwealth Court.

If, in the initial *LaPorta* hearing, the Board finds
that the aggrieved employee has not attained profes-
sional status then she may appeal that negative deter-
mination, as noted above, to the Secrtary and then into
the appellate courts. At such time as she is faced with
the ultimate resolution of her status as not that of a
professional employee, she is entitled to a hearing pur-
suant to her dismissal under the provisions of the
Local Agency Law. *See Colban Appeal,* 58 Pa. Com-
monwealth Ct. 104, 107-8, 427 A.2d 313, 314 (1981)
where we stated in dicta that

the provisions of the Public School Code of 1949
giving temporary professional employees regu-
lar status after two years unless rated unsatis-
factory . . . provide a discharged temporary
professional employee with a property right in
her public employment.

A determination that the dismissal was valid would be
appealed from the Board to the common pleas court,
and again ultimately to the Commonwealth Court.

Based on the above analysis, we conclude that the
common pleas court was correct in refusing the re-
quested reinstatement and in directing the board to
grant Ms. Racunas a hearing on the issue of her status
as a professional employee. *School District of Phila-
delphia v. Rochester,* 46 Pa. Commonwealth Ct. 123,

405 A.2d 1142 (1979). Because there is clearly an adequate administrative remedy available, we must affirm the order of the trial court, since that decision does not constitute an abuse of discretion. *Gooley*.

ORDER

AND Now, the 1st day of December, 1982, the order of the Court of Common Pleas of Washington County to No. 405 September Term, 1976 directing the Ringgold School District to afford Karen Racunas a proper administrative hearing and dismissing the complaint in mandamus is hereby affirmed.

