IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan DuBoise,                              :
                    Petitioner             :
                                           :
        v.                                 :
                                           :
Commissioner Robert Evanchick and          :
Ryan Gallagher,                            :   No. 73 M.D. 2022
                    Respondents            :   Submitted: December 2, 2022


BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED:  March 9, 2023


        Before this Court are Pennsylvania State Police Commissioner Robert
Evanchick's (Evanchick) Preliminary Objections to Ryan DuBoise's (DuBoise)
Petition for Review in the Nature of Mandamus (Petition), and the Philadelphia
Police Department's Forensic Services Office's Forensic Laboratory Manager Ryan
Gallagher's (Gallagher) Preliminary Objections to the Petition.  After review, this
Court sustains the Preliminary Objections and dismisses the Petition.


**Facts**[1]

        On April 12, 2016, DuBoise was convicted of the third-degree murder
of his girlfriend Monet Hall (Hall), and sentenced to 20 to 40 years of incarceration.
In July 2021, DuBoise discovered new evidence that revealed he was not the last
person to see Hall alive.  This information consisted of Brick Patterson's (Patterson)

---

[1] The facts are derived from the Petition and the attachments thereto.

statement that he was present with Hall before she was murdered, and Patterson saw a man named Rasheem[2] with Hall. Patterson further admitted that he was having a sexual relationship with Hall at that time.

In October 2021, based upon the information contained in Patterson's declaration, DuBoise requested a CODIS comparison of the DNA discovered in Hall's saliva and an unknown male's DNA discovered under Hall's fingernails.[3] DuBoise hoped that a manual keyboard CODIS search would yield a match with the unknown profiles recovered from Hall. DuBoise believed that such a match would be persuasive evidence that he was not Hall's murderer and would reveal the guilty party. On November 5, 2021, the Philadelphia District Attorney's (DA) Office stated that it did not object to the request. By January 4, 2022 email, Gallagher notified the DA that the DNA samples in DuBoise's case were not sufficient to meet the criteria for entry into CODIS.

On February 22, 2022, DuBoise filed the Petition in this Court's original jurisdiction, seeking that this Court "[e]nter judgment against [Evanchick and Gallagher (collectively, Respondents)] commanding them to act upon [DuBoise's request for a manual keyboard search of [] CODIS[,]" and "enter judg[]ment against [R]espondents['] for damages for [R]espondents failure to perform a duty required by law, which damages may be claimed pursuant to [Section 8303 of the Judicial Code,] 42 Pa.C.S. § 8303."[4] Petition *Ad Damnum* Clause.

---

[2] The Petition does not include Rasheem's last name.

[3] CODIS is defined as: "The Combined DNA Index System administered by the Federal Bureau of Investigation that allows for the storage and exchange of DNA records submitted by [f]ederal, [s]tate and local forensic DNA laboratories." Section 9543.1(h) of the Post Conviction Relief Act, 42 Pa.C.S. § 9543.1(h). DNA is defined as: "Deoxyribonucleic acid." *Id*.

[4] Section 8303 of the Judicial Code provides: "A person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal." 42 Pa.C.S. § 8303.

2

Evanchick and Gallagher each filed Preliminary Objections, on April 11, 2022 and April 27, 2022, respectively, wherein they both alleged: (1) lack of subject matter jurisdiction; (2) failure to exhaust statutory remedy; and (3) failure to state a valid claim for relief. On April 27, 2022, DuBoise filed an Answer opposing Evanchick's Preliminary Objections.[5]

## Discussion

Initially,

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *When ruling on a demurrer*, *a court must confine its analysis to the* [*petition for review*].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "'[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 311 n.1 (Pa. Cmwlth. 2019).

---

[5] DuBoise did not file an Answer to Gallagher's Preliminary Objections.

3

Respondents first argue that this Court should sustain Respondents' Preliminary Objections under Pennsylvania Rule of Civil Procedure (Rule) 1028(a)(1) (lack of jurisdiction) because the Post Conviction Relief Act (PCRA)[6] provides a statutory remedy to obtain DNA testing. *See* Pa.R.Civ.P. 1028(a)(1). "An objection which alleges the failure to pursue an adequate alternative remedy, therefore, raises a question of jurisdiction and is properly pleaded as a preliminary objection." *Merritt v. W. Mifflin Area Sch. Dist.*, 424 A.2d 572, 573 (Pa. Cmwlth. 1981).

DuBoise rejoins that he is not seeking DNA testing, but rather a CODIS search to see if there is a DNA match between two samples that already exist in the database. While DuBoise insists that Respondents misconstrued his request, it appears that DuBoise misconstrued Gallagher's January 4, 2022 email. Gallagher did not refuse to run such a search but, rather, he stated that the unknown male's DNA samples were too small to upload into CODIS in the first instance. *See* Petition Ex. B. Thus, the samples do not currently exist in CODIS.

Section 9543.1(a)(1) of the PCRA provides:

> An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

42 Pa.C.S. § 9543.1(a)(1). Section 9542 of the PCRA further mandates, in pertinent part:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief** and encompasses all

---

[6] 42 Pa.C.S. §§ 9541-9546.

> other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542 (emphasis added).

Here, DuBoise filed a motion with the sentencing court requesting a CODIS comparison of the DNA discovered in Hall's saliva with the unknown male's DNA discovered under Hall's fingernails.[7] *See* Petition ¶ 8. The DA's November 5, 2021 response stated:

> [DuBoise] filed a pro se Motion for Post-Conviction DNA Testing of the saliva found inside the victim's anus during the prior testing. He also asks that the results of the prior DNA testing of the other physical evidence -- tested by both the Commonwealth and by [DuBoise's] own lab prior to trial -- be entered into the [CODIS]. . . .
>
> The Commonwealth has no objection to the requested DNA testing or entry of the DNA test results into CODIS.

Petition Ex. A.

Prior to the hearing on DuBoise's motion, the DA emailed Gallagher, stating: "This case is before [the sentencing court] on [January 10, 2022]. [The sentencing court] will demand your presence unless I can tell [it] whether the rape kit results were entered into CODIS and whether there is any evidence remaining to be tested and/or submitted." Petition Ex. B. Gallagher responded: "[A]ll of the DNA in the first report was attributable to either the victim or suspect. Without unknown DNA present, there is nothing to upload. For the second report, there is a small amount of unknown DNA, but not enough unknown DNA to qualify for an upload." *Id.* Based only on this information, DuBoise alleges in the Petition: "Respondents nevertheless refused to proceed with the keyboard search." Petition ¶

---

[7] DuBoise did not attach the motion to his Petition.

5

10. DuBoise does not allege any facts as to what happened at the hearing or if the hearing even took place.

"Because [DuBoise] ha[s] failed to exhaust appropriate and adequate [statutory] remedies which are available to [him], [this Court is] without subject matter jurisdiction to entertain this action in mandamus." *Matesic v. Maleski*, 624 A.2d 776, 780 (Pa. Cmwlth. 1993); *see also Merritt*, 424 A.2d at 574 ("Since [DuBoise] failed to pursue [his] statutory remedy[,] which was appropriate and adequate, the court [] was correct in finding that it lacked jurisdiction to consider the action in mandamus."). Accordingly, Respondents' first Preliminary Objections are sustained.

Respondents next argue that this Court should grant Respondents' Preliminary Objections under Rule 1028(a)(7) because DuBoise has not exhausted the statutory remedy available to obtain DNA testing. *See* Pa.R.Civ.P. 1028(a)(7).

"[T]he failure to exhaust available [statutory] remedies will bar an action in mandamus." *Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 905 (Pa. Cmwlth. 1987). Here, although DuBoise filed a motion with the sentencing court requesting a CODIS comparison of the DNA discovered in Hall's saliva with the unknown male's DNA discovered under Hall's fingernails, *see* Petition ¶ 8, he did not allege that the hearing took place. If the hearing did not occur at the time of the filing of his mandamus action, DuBoise failed to exhaust his statutory remedies by failing to wait for the sentencing court's ruling. Similarly, if the hearing did occur and his motion was denied, DuBoise failed to exhaust his statutory remedies by failing to appeal from that ruling. In either scenario, DuBoise's "failure to exhaust available [statutory] remedies [] bar[s] [his] action in mandamus." *Mueller*, 532 A.2d at 905. Accordingly, Respondents' second Preliminary Objections are sustained.

6

Lastly, Respondents argue that this Court should sustain Respondents' Preliminary Objections pursuant to Rule 1028(a)(4) because the availability of an alternative statutory remedy renders DuBoise's mandamus action legally insufficient. *See* Pa.R.Civ.P. 1028(a)(4) (demurrer).

> To state a valid claim in mandamus, [DuBoise] is required to show[:] (1) a ministerial act or mandatory duty on the part of [] Respondents; (2) a clear legal right in him to the relief he seeks; (3) a clear corresponding duty in [] Respondents to provide him that relief; and (4) the lack of any other adequate and appropriate remedy. Mandamus is an extraordinary writ that is only available to enforce already established clear and specific rights, it cannot be used to establish those rights.

*Mueller*, 532 A.2d at 903 (citations omitted).

Here as explained above, DuBoise has an "adequate and appropriate remedy" under the PCRA. *Mueller*, 532 A.2d at 903. Moreover, while the PCRA provides DuBoise with the right to *apply* for DNA testing, *see* 42 Pa.C.S. § 9543.1(a)(1), without a court order granting such request, there is no "clear legal right . . . to the relief he seeks[,]" or "clear corresponding duty in [] Respondents to provide him that relief." *Mueller*, 532 A.2d at 903. Accordingly, Respondents' third Preliminary Objections are sustained.

## Conclusion

Accepting as true all well-pleaded material allegations in the Petition, as well as all inferences reasonably deduced therefrom, as this Court must, "it [] appear[s] with certainty that the law will not permit recovery[.]" *Torres*, 997 A.2d at 1245. Because DuBoise "has clearly failed to state a claim for which relief can

be granted[,]" *id*., Respondents' Preliminary Objections are sustained, and DuBoise's Petition is dismissed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan DuBoise,                                    :
                  Petitioner                     :
                                                 :
         v.                                      :
                                                 :
Commissioner Robert Evanchick and                :
Ryan Gallagher,                                  :     No. 73 M.D. 2022
                  Respondents                    :

## O R D E R

AND NOW, this 9th day of March, 2023, Pennsylvania State Police Commissioner Robert Evanchick's Preliminary Objections to Ryan DuBoise's (DuBoise) Petition for Review in the Nature of Mandamus (Petition), and Ryan Gallagher's Preliminary Objections to the Petition are SUSTAINED. DuBoise's Petition is DISMISSED.

 

 

_____

ANNE E. COVEY, Judge